**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10065 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00036-KJD |
| v. | |
| DANA CASAUS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Dana Casaus appeals from the district court's judgment and challenges the

revocation of his supervised release following a contested evidentiary hearing.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Casaus contends that the district court abused its discretion by finding that he violated the conditions of his supervised release by possessing and selling cocaine because there was no physical evidence to support its finding, and the finding was based solely on Casaus's confession to his probation officer. In evaluating a challenge to the sufficiency of the evidence supporting a supervised release revocation, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted). Viewing the evidence in a light most favorable to the government, Casaus's detailed confession to the probation officer that he possessed and sold cocaine, in conjunction with his positive drug test, was sufficient to support the district court's finding. *See id.* Moreover, contrary to Casaus's contention, an uncorroborated confession may sustain a supervised release revocation finding. *See United States v. Hilger*, 728 F.3d 947, 949-51 (9th Cir. 2013).

**AFFIRMED.**

14-10065